UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YANCEY COOPER | * | |
|     Petitioner | * | |
| | * | |
| v. | * | CIVIL NO. L-10-2533 |
| | * | CRIM. NO. L-08-0239 |
| UNITED STATES OF AMERICA | * | |
|     Respondent | * | |

*******

MEMORANDUM

Now pending is pro se petitioner Yancey Cooper's motion for relief pursuant to 28 U.S.C. § 2255. Docket No. 121. Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief"). For the reasons set forth below, the Court will, by separate Order of even date, DISMISS the Motion WITHOUT PREJUDICE, ENTER an Amended Judgment from which an appeal can be taken, APPOINT counsel for purposes of noting the appeal, and DIRECT the Clerk to CLOSE the case.[2]

\* \* \*

Because Cooper did not appeal his sentence, he has procedurally defaulted his claims. Thus, to collaterally attack his sentence, Cooper must show both cause for and actual prejudice from the default. See Murray v. Carrier, 477 U.S. 478 (1986). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the

---

[2] The Court will GRANT Cooper's unopposed Motion to Amend his petition (Docket No. 142) and DENY his Motion for Summary Judgment (Docket No. 125). The basis for the latter Motion is that the Government failed to respond timely to Cooper's Motion to Vacate. The Government's response was timely, however, because shortly before Cooper filed his Motion for Summary Judgment, the Court granted the Government's request for an extension of time.

claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).

Cooper alleges that his appointed counsel, Alan Bussard, was deficient in several ways. Ineffective assistance of counsel claims are evaluated under the Strickland two-prong test, which requires Cooper to show (i) that counsel's performance was deficient, and (ii) that counsel's deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish the first prong, Cooper must produce evidence that his counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." Id. As for the second prong, Cooper must show that but for his attorney's deficient performance, the result of the proceedings would have been different. See id. The Court can address either the prejudice or the effectiveness prong first, and if it finds that Cooper cannot satisfy one of the prongs, the Court's inquiry ends and the petition is dismissed. Id. at 697.

In his Amended Motion, Cooper alleges that he directed Bussard to appeal the Court's denial of his Motion to Suppress and that Bussard failed to do so. Counsel's failure to file a direct appeal when requested to do so by his client is per se ineffective. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Waiver of appellate rights in a plea agreement does not absolve counsel of the duty to file an appeal upon request. United States v. Poindexter, 492 F.3d 263, 271-73 (4th Cir. 2007). To avoid the credibility contest inherent in this claim, the Court will enter a new judgment from which Cooper can take an appeal and appoint counsel for purposes of noting the appeal.

### III. Conclusion

For the reasons stated above, the Court will, by separate Order of even date, DISMISS the Motion to Vacate WITHOUT PREJUDICE; ENTER an Amended Judgment from which an appeal can be taken; APPOINT counsel for purposes of noting an appeal, and DIRECT the Clerk to CLOSE the case.

Dated this  11th  day of July, 2011.                  /s/
                                                      Benson Everett Legg
                                                      United States District Judge